UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA C., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, <br> ACTING COMMISSIONER <br> OF SOCIAL SECURITY, <br><br> Defendant. | No. 22 CV 5279 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sylvia C. appeals the Acting Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse or remand the Acting Commissioner's decision [11] is granted, the Acting Commissioner's motion for summary judgment [16] is denied, and the case is remanded for further administrative proceedings.[1]

**Background**

In April 2015, plaintiff applied for a period of disability and disability insurance benefits, alleging an onset date of December 26, 2014. [10-1] 17. The claim was denied initially, on reconsideration, and after a hearing with an administrative law judge (ALJ). [*Id.*] 13-30. Plaintiff appealed to this Court, and in March 2020 the Court remanded for further administrative proceedings. [10-3] 1102-18. On remand, the ALJ again denied plaintiff's claim. [*Id.*] 1008-27. The Appeals Council denied review in July 2022 [*id.*] 996-1002, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff has again appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [10-1, 10-2, 10-3], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [6].

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff did not engage in substantial gainful activity between her alleged onset date and her date last insured. [10-3] 1010. At step two, the ALJ determined that plaintiff had the following severe impairments: morbid obesity, bilateral trochanteric bursitis, fibromyalgia, obstructive sleep apnea, degenerative disc disease of the lumbar spine, sacroiliac joint dysfunction, chronic pain syndrome, diabetes, depression, mood disorder, and generalized anxiety disorder. [*Id.*] 1010-11. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 1011-15. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform sedentary work with certain exertional and non-exertional limitations. [*Id.*] 1015-25. At step four, the ALJ found that plaintiff could not perform her past relevant work. [*Id.*] 1025. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: addresser (4,400 jobs), tube operator (4,600 jobs), escort vehicle driver (37,000 jobs), surveillance system monitor (30,000 jobs), document specialist (29,00 jobs), and call out operator (3,500 jobs). [*Id.*] 1026. Accordingly, the ALJ found that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ erred in rejecting the opinions of her treating physician, Dr. Ronald Gurtizen. [11] 12-14. As the ALJ recognized, Dr. Gurtizen–who treated plaintiff regularly since March 2015–"imposed restrictions on the claimant's ability to function that would essentially preclude her from performing work at even the sedentary exertion level on a full-time basis." [10-1] 1023. These limitations included (1) not being able to sit or stand for more than an hour during an eight-hour workday, (2) not being able to reach in any direction with either arm for more than 25% of the workday, (3) being off-task for more than 30% of the workday, and (4) needing to take unscheduled breaks every twenty to thirty minutes. [*Id.*]; *see also* [10-3] 2323-27 (Dr. Gurtizen's physical RFC statement). The ALJ found these opinions

unpersuasive and gave them little weight because they were "not consistent with [Gurtizen's] own treatment notes," which did not reflect that plaintiff had problems sitting, an abnormal gait, muscle weakness in her extremities, or problems with decreased range of motion and grip strength. [10-1] 1023. The ALJ also concluded that Dr. Gurtizen's opinion was too remote because it was issued in September 2020 and thus "well after the date last insured of June 30, 2018." [*Id.*]. The ALJ acknowledged that Gurtizen "did opine that the restrictions he imposed would be applicable earlier than March 25, 2015," but the ALJ nevertheless dismissed this portion of the opinion because Gurtizen's "only reason for making that opinion is because the claimant was seeking disability at that time" and Gurtizen "did not cite to any medical evidence supportive of these restrictions being applicable for such a remote time period." [*Id.*]. For the following reasons, the Court agrees with plaintiff that the ALJ erred in his handling of Dr. Gurtizen's opinions.[3]

Because plaintiff's claim was filed before March 2017, the ALJ was required to evaluate Dr. Gurtizen's opinion in accordance with the treating-physician rule. That rule "requires ALJs to give controlling weight to the medical opinion of a treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence." *Peter V. v. Dudek*, Case No. 22-cv-50306, 2025 WL 885997, at *2 (N.D. Ill. Mar. 21, 2025) (internal quotation marks omitted). "If an ALJ denies a treating physician's opinion controlling weight, the ALJ still must consider the opinion's persuasiveness after evaluating statutory factors, such as specialization, supportability, and consistency." *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). An ALJ must give "good reasons" to support the weight he ultimately assigns to a treating source's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010).

Substantial evidence does not support the ALJ's decision to assign less than controlling weight to Dr. Gurtizen's opinions.

Gurtizen opined that plaintiff's limitations were caused by fibromyalgia, a condition "involving chronic widespread and diffuse pain throughout the entire body, frequently associated with fatigue, stiffness, skin tenderness, and fragmented sleep. Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective." *Michael G. v. O'Malley*, No. 21 CV 580, 2024 WL 3791626, at *2 (N.D. Ill. Aug. 12, 2024). "Those suffering from fibromyalgia have muscle strength, sensory functions, and reflexes that are normal," and "a normal gait and normal grip strength do not measure the seriousness of fibromyalgia's symptoms." *Tonya B. v. Dudek*, No. 4:24-005-KMB-SEB, 2025 WL 898947, at *4 (S.D. Ind. Mar. 25, 2025) (internal quotation marks, brackets, and citations omitted). Nevertheless, the ALJ relied on precisely these kinds of "normal" findings in Dr. Gurtizen's records to reject his opinions. That approach was

---

[3] Because this issue is dispositive, the Court does not reach plaintiff's other arguments for remand.

3

"problematic because the testing the ALJ relied upon to discount Dr. [Gurtizen's] opinions is precisely the type of testing that doctors frequently use to *rule out* other conditions in diagnosing fibromyalgia." *Lanzi-Bland v. Berryhill*, No. 16 C 8856, 2017 WL 4797529, at *4 (N.D. Ill. Oct. 24, 2017) (emphasis in original). Contrary to the ALJ's decision, "whether Plaintiff had normal range of motion, motor strength, reflexes and gait . . . does not undermine [a treating physician's] fibromyalgia diagnos[is] or [his] opinions on [plaintiff's] limitations." *Vacco v. Colvin*, No. 14 C 1139, 2016 WL 738455, at *7 (N.D. Ill. Feb. 25, 2016); *see also Henson v. Berryhill*, Case No. 1:16-cv-3383-DML-RLY, 2018 WL 1281386, at *4 (S.D. Ind. Mar. 13, 2018) (ALJ erred by rejecting treating physician's opinion on claimant's fibromyalgia-related limitations where ALJ "did not explain how these normal and relatively normal exam findings detract from [doctor's] opinions of [claimant's] condition and limitations"); *Ryberg v. Berryhill*, Cause No. 2:17-CV-449-JEM, 2019 WL 912175, at *3 (N.D. Ind. Feb. 25, 2019) (ALJ's rejection of treating doctor's opinion about plaintiff's fibromyalgia-related limitations on ground that "treating physical examinations have otherwise been essentially normal" was "not a sound explanation . . . because the symptoms of fibromyalgia are often subjective, and may not be ruled out by objective tests").

Nor does the ALJ's rejection of Dr. Gurtizen's opinions as too remote constitute a good reason for affording less than controlling weight to those opinions. Although Dr. Gurtizen rendered his opinions after plaintiff's date last insured, "[m]edical evidence from after the alleged disability period is relevant to the extent it may reflect the claimant's impairments on a prior date." *Jones v. Saul*, 823 F. App'x 434, 439 (7th Cir. 2020). Medical evidence that post-dates the relevant disability period will "relate back" to that period "so long as it is corroborated by evidence–whether medical or lay–derived from the claimant's period of disability." *Manuel A. v. Kijakazi*, No. 1:20-cv-3844, 2022 WL 4551961, at *6 (N.D. Ill. Sept. 29, 2022). Here, Dr. Gurtizen's opinions obviously related back to the alleged disability period because he was actively treating plaintiff during that time, and his opinion expressly stated that he evaluated "[a]ll of the disabling conditions" during his first eight visits with plaintiff, which dated from March 25, 2015 through August 7, 2015. *See* [10-3] 1023. Furthermore, the record does not support the ALJ's conclusion that Dr. Gurtizen's "only reason" for finding that plaintiff's limitations dated back to March 2015 was "because the claimant was seeking disability at that time." [*Id.*]. Although Gurtizen did note that plaintiff was pursuing a disability claim when he first saw her on March 25, 2015, he also explained that "all of [plaintiff's] disabling conditions were evaluated in her first 8 visits." [*Id.*]. In any event, the relevant question for the ALJ was whether plaintiff was disabled between the December 26, 2014, onset date and the June 30, 2018, date last insured. Even if Dr. Gurtizan failed to demonstrate that plaintiff was not disabled on or before March 25, 2015, the ALJ still needed to consider whether those limitations existed between March 2015 and June 2018. The ALJ failed to do so, however, and instead erroneously dismissed the substance of Gurtizen's opinions as described above.

4

Because the ALJ did not give good reasons for assigning less than controlling weight to Dr. Gurtizen's opinions, the decision is not supported by substantial evidence. On remand, the ALJ must evaluate Dr. Gurtizen's opinions in accordance with the treating-physician rule.

## Conclusion

Plaintiff's motion to reverse the Acting Commissioner's decision [11] is granted, the Acting Commissioner's motion for summary judgment [16] is denied, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: May 1, 2025**